UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| CRISTOPHER K. CROWLEY,<br>    Plaintiff,<br><br>v.<br><br>WTC LLC, LESLIE WILLIAM FOGG, and<br>MICHELE RENNIE,<br>    Defendants. | Case No.: 2:25-cv-854 |

## ORDER

This matter is before the court on Plaintiff's Motion for Writ of Attachment. Plaintiff filed his Complaint against WT LLC, Leslie W. Fogg, and Michele Rennie on October 27, 2025. (Doc. 1.) The Complaint alleges that Defendants WT LLC and Fogg fraudulently transferred property located at 81 Brigham Hill Road in Essex, Vermont to Defendant Rennie. (*See id.* at 2, ¶ 2.) On the same date the Complaint was filed, Plaintiff filed a Motion for Writ of Attachment in which he asked the court to approve a nonpossessory writ of attachment on this property in the amount of $159,855.44 plus interest. (Doc. 2 at 1.)

A hearing on the Motion for a Writ of Attachment was held on December 18, 2025. Plaintiff appeared with his attorney. Defendant Fogg appeared representing himself. Defendant Rennie, the titled owner of the property at issue, did not appear. For the reasons set forth below, it does not appear that Defendant Rennie received notice of this hearing.

Federal Rule of Civil Procedure 64 states that every remedy for seizing property to secure satisfaction of a possible judgment that is available "under the law of the state where the court is located" is available at the beginning of and throughout the federal action. Vermont Rule of Civil Procedure 4.1 outlines the process for obtaining a writ of attachment for real property. This rule provides that a motion for a writ of attachment and the affidavits accompanying the motion,

"together with the notice of hearing thereon, shall be served upon the defendant in the manner provided in Rule 4 at the same time that the summons and complaint are served upon the defendant." Vt. R. Civ. P. 4.1(b)(2).

Returns of service were filed with the court on November 6, 2025, indicating that service of the complaint, Motion for Writ of Attachment, and notice of hearing was made on each Defendant. (Docs. 10–12.) Defendant Fogg filed a Notice of *Pro Se* Appearance. (Doc. 14.) On November 6, 2025, Defendant Fogg filed a Motion to Continue the hearing on the Motion for Writ of Attachment because he was serving as a juror in a state court proceeding. (Doc. 15 at 1, ¶¶ 2–4.) The motion was unopposed, and the court continued the hearing. (Doc. 18). The court further ordered that "no Defendant shall sell, dispose, pledge, or in any manner transfer or encumber 81 Brigham Hill Road, Essex, Vermont pending a decision on the Motion for Writ of Attachment." (*Id.*)

The hearing was rescheduled to November 18, 2025. (Doc. 19.) Defendant Rennie had not filed a notice of appearance. As a result, the court did not send Defendant Rennie notice of the order granting the continuance or the new hearing date. (Doc. 19.) Defendant Fogg filed another Motion to Continue, and the court continued the hearing for an additional thirty days to allow him to find counsel. (Docs. 21, 22.) The court reiterated its earlier order of November 7, 2025 prohibiting any defendant from selling or otherwise encumbering the property. (Doc. 22.) Defendant Rennie had still not entered a notice of appearance, so this order was not sent to her.

The court scheduled the hearing for December 18, 2025. (Doc. 24.) Notice of this hearing was only sent to Plaintiff and Defendant Fogg. It was not sent to Defendant Rennie. (*Id.*)

On December 17, 2025, the day before the hearing, Defendant Fogg filed a response to the Motion for Writ of Attachment. (Doc. 26.) That same day, Defendant Rennie filed a Motion to

Dismiss in which she included her contact information. (Doc. 28 at 7.) The Motion to Dismiss contends that Defendant Rennie was not properly served with the summons and complaint—served at the same time as the Motion for a Writ of Attachment and original notice of hearing—and that Defendant Rennie "never received actual notice of this lawsuit." (*See* Doc. 28 at 7.) The court is aware that Defendant Fogg and Defendant Rennie reside in the same house, which is the subject of the Motion for a Writ of Attachment, but the court does not have any indication that Defendant Rennie was provided notice of the December 18, 2025 hearing.

Defendant Rennie is the titled owner of the property. (*See* Doc. 2-15 at 2.) She is entitled to notice of the Motion for Writ of Attachment and notice of the hearing. *See, e.g., Terranova v. AVCO Fin. Servs. of Barre, Inc.*, 396 F. Supp. 1402, 1407 (D. Vt. 1975); *Flemming, Zulack, Williamson, Zauderer, LLP v. Morrow*, No. 1:07-CV-269., 2008 WL 2227571, at *4–5 (D. Vt. May 29, 2008); *see also Woodring v. Jennings State Bank*, 603 F. Supp. 1060, 1069 (D. Neb. 1985). Because the court cannot find that Defendant Rennie received notice of the hearing, another hearing must be scheduled.

The clerk's office is respectfully requested to schedule a hearing on Plaintiff's Motion for Writ of Attachment at the earliest possible opportunity. The clerk's office is respectfully requested to send this Order and notice of this hearing to Defendant Fogg, Defendant Rennie, and Defendant WT LLC. The court reiterates its order that no defendant shall sell, dispose, pledge, or in any other manner transfer or encumber 81 Brigham Hill Road, Essex, Vermont pending a decision on the

Motion for Writ of Attachment. Defendants may file a Motion to Dissolve this order pursuant to Fed. R. Civ. P. 65(b)(4).

DATED at Rutland, in the District of Vermont, this 19th day of December 2025.

Mary Kay Lanthier
United States District Judge